**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-385-DLB**

**JEIMY HERNANDEZ GOMEZ** **PETITIONER**

**v.** **MEMORANDUM OPINION AND ORDER**

**JAMES A. DALEY, et al.,** **RESPONDENTS**

* * * * * * * * * *

This matter is before the Court on Petitioner Jeimy Hernandez Gomez's Petition for Writ of Habeas Corpus. (Doc. # 1). Respondents filed their Responses[1] (Docs. # 5 and 6) and Petitioner failed to file a timely reply. Accordingly, this matter is now ripe for review. For the following reasons, the Court will **grant** the Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gomez is a native and citizen of Guatemala who entered the United States without inspection at some time in 2016. (Doc. # 1 ¶¶ 16-17). In May 2025, United States Immigration and Customs Enforcement ("ICE") detained Gomez. (*Id.* ¶ 19). Since June 2025, she has been in ICE custody at the Campbell County Detention Center in Newport, Kentucky. (*Id.* ¶ 20). In August 2025, Gomez's removal case was reopened before the Immigration Court. (*Id.* ¶ 21).

---

[1] Petitioner files this action against Samuel Olson, Acting Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and James Daley, Jailer, Campbell County Detention Center. (Doc. # 1).

On January 6, 2026, Gomez was scheduled for a bond redetermination hearing before Immigration Judge ("IJ") Kelly Johnson. (*Id.* ¶¶ 24-26). Ultimately, the IJ denied bond, finding that Gomez posed a flight risk. (*Id.* ¶ 26). Over the subsequent months, Gomez's removal case continued before the Immigration Court. (*Id.* ¶ 29). On May 4, 2026, Gomez's application for asylum was denied and she was ordered removed. (*Id.* ¶ 30). However, Gomez timely appealed this decision and her appeal remains pending. (*Id.* ¶ 30).

Previously, on September 30, 2025, Gomez sought habeas relief from another court in this District, claiming that she was entitled to a bond hearing under 8 U.S.C. § 1226. *See* Petition, *Gomez-Hernandez v. Daley, et al.*, No. 2:25-cv-150-SCM (E.D. Ky. Sept. 30, 2025). On January 30, 2026, that court denied Gomez's petition, finding that her detention was governed by the mandatory detention scheme established by 8 U.S.C. § 1225. *See* Order at 17, *Gomez-Hernandez v. Daley, et al.*, No. 2:25-cv-150-SCM (E.D. Ky. Jan. 30, 2026). Gomez appealed this denial and, while her appeal was pending, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). *Lopez-Campos* held that immigration detainees in Gomez's position were detained under § 1226. *Id.* at 732. In light of *Lopez-Campos*—and upon the parties' motion—the Sixth Circuit remanded Gomez's petition for further consideration. *See* Order at 1, *Gomez-Hernandez v. Daley, et al.*, No. 2:25-cv-150-SCM (E.D. Ky. July 15, 2026). Following remand, the district court granted Gomez's petition and ordered Respondent to provide her with a bond hearing pursuant to § 1226(a). *Id.* at 3. Gomez received a second bond hearing on July 22, 2026—also before IJ Johnson. (Doc. # 1 ¶ 33). Once again, IJ Johnson determined that Petitioner posed a flight risk and denied her

request for release on bond. (*Id.* ¶ 37; *see also* Doc. # 1-2). Gomez did not appeal this decision. (Doc. # 1-2 at 2).

Gomez filed the instant Petition on September 11, 2026. She claims that the hearing she received on July 22, 2026 was constitutionally inadequate because IJ Johnson—who presided over her initial bond hearing—also presided over her second hearing. (*Id.* ¶ 51). Additionally, Gomez argues that the IJ "unlawfully placed the burden of proof on Petitioner, when the burden lies with the government." (*Id.* ¶ 56). Because of these facts, Gomez concludes that her detention violates the Due Process Clause of the Fifth Amendment. (*Id.* ¶ 58). The Court directed Respondents to respond to the Petition on September 16, 2026. (Doc. # 4). Respondents filed their Responses (Docs. # 5 and 6) on September 30, 2026. Gomez did not file a reply. Thus, the matter is ripe for the Court's review.

## II. ANALYSIS

Gomez acknowledges that she received a bond hearing. (Doc. # 1 ¶ 33). However, she contends that this bond hearing was constitutionally deficient and, as a result, her continued detention violates her Fifth Amendment right to due process. (*Id.* ¶ 58). Respondent Olson argues that the Petition should be denied for four reasons. First, he asserts that 8 U.S.C. § 1226(e) divests this Court of jurisdiction to review the IJ's bond decision. (Doc. # 6 at 5). Second, he argues that because Gomez has failed to appeal the bond denial to the Board of Immigration Appeals ("BIA"), she has failed to exhaust her administrative remedies, which precludes this Court's review. (*Id.* at 7). Third, Olson contends that because Gomez's counsel acquiesced to the allocation of the burden of proof at her bond hearing, Gomez has waived her right to claim that the burden was

unconstitutional. (*Id.*). Finally, Olson maintains that requiring Gomez to bear the burden of proof at her bond hearing did not violate the Fifth Amendment's Due Process Clause. (*Id.* at 8-10). The Court will address each argument in turn.

**A. 8 U.S.C. § 1226(e)**

Jurisdiction poses a threshold question. *See Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("we must first consider whether we have jurisdiction to decide this case") (citation omitted). And "'[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.'" *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007).

In the context of an IJ's decision to grant or deny bond under 8 U.S.C. § 1226, this Court's jurisdiction is circumscribed by § 1226(e). That statute provides that

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). However, the Supreme Court has emphasized that "this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the 'statutory framework' as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v.*

*Rodriguez*, 583 U.S. 281, 295-96 (2018)). So, where a petitioner challenges a particular discretionary "action" taken by an IJ—as opposed to the statutory framework as a whole—§ 1226(e) precludes the federal courts' review. *Jennings*, 583 U.S. at 296; *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 279 (3d Cir. 2018) ("Because [the petitioner] does not challenge a particular action or decision, but rather 'the statutory framework that permits his detention without bail,' . . . § 1226(e) does not deprive the District Court or this Court of jurisdiction[.]" (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003) (cleaned up)). Thus, the Court may only consider Gomez's Petition insofar as it challenges the extent of the Government's detention authority under the relevant statutory framework. *Nielsen*, 586 U.S. at 401.

Gomez argues that, because her Petition challenges the constitutional adequacy of her bond hearing, § 1226(e) does not bar this Court's review. (Doc. # 1 ¶ 44). The crux of Gomez's argument is that the IJ unconstitutionally placed the burden of proof on her instead of the government. (*Id.* ¶ 52). She contends that requiring her to prove that she was not a danger or flight risk violated her right to due process under the Fifth Amendment. (*Id.* ¶ 56). Moreover, Gomez claims that the July 22, 2026 bond hearing was constitutionally deficient because IJ Kelly Johnson, the same IJ who denied her first request for bond, presided. (*Id.* ¶ 51). Respondents object that, by raising these arguments, Gomez challenges "the Immigration Judge's discretionary weighing of the evidence provided at the bond hearing." (Doc. # 6 at 5 (quoting *Singh v. Warden*, No. 2:26-cv-311-DLB, 2026 WL 2676927, at *2 (E.D. Ky. Sept. 11, 2026))). And such second-guessing, Respondent Olson continues, is proscribed by 8 U.S.C. § 1226(e). (*Id.*).

Because Gomez challenges the constitutional adequacy of the administrative framework of her bond hearing, § 1226(e) does not preclude this Court's review. Although "this Court is barred by § 1226(e) from reviewing discretionary decisions of IJs, the Court may review the procedures of the bond hearings to evaluate whether they were constitutionally adequate." *Singh v. Warden*, No. 2:26-cv-311-DLB, 2026 WL 2547206, at *2 (E.D. Ky. Aug. 28, 2026). And, contrary to Respondent Olson's argument, Gomez's Petition does not challenge the IJ's discretionary weighing of the evidence.[2] Rather, she challenges the administrative conditions under which the hearing took place. This Court has previously held that Fifth Amendment challenges to the allocation of the burden of proof at a bond hearing fall within the Court's purview. *See, e.g., Id.*; *Mkhaitir v. Mullin*, No. 2:26-cv-183-DLB, 2026 WL 1415034, at *3 (E.D. Ky. May 20, 2026); *Castaneda-Castano v. Daley*, No. 2:26-cv-145-DLB, 2026 WL 1223095, at *3 (E.D. Ky. May 4, 2026). The same holds true here. As a result, § 1226(e) does not bar the Court's review of Gomez's claims.

### B. Exhaustion

Next, Olson argues that Gomez's claims should be subject to the doctrine of prudential exhaustion. (Doc. # 6 at 7-8).

The exhaustion doctrine serves an important purpose. It allows agencies to exercise their "'special expertise in interpreting relevant statutes' and promotes judicial efficiency." *Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. 888 Corp.*, 813 F.2d 760, 764 (6th Cir. 1987)); *see also*

---

[2] Certainly, Gomez voices her disagreement with the IJ's weighing of the evidence. (*See* Doc. # 1 ¶¶ 53-54). To the extent she seeks to challenge this discretionary decision, her arguments are barred by § 1226(e). However, as discussed above, Gomez's disagreement does not provide the basis for her Fifth Amendment claim.

*Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023) (noting that "exhaustion promotes efficiency, including by encouraging parties to resolve their disputes without litigation") (citations omitted). Exhaustion requirements generally come in three kinds. *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 746 (6th Cir. 2019). First, statutory text can impose an exhaustion requirement. *Id.* (citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Second, a given statute may permit an administrative agency to adopt regulations imposing an exhaustion requirement. *Id.* at 747. Finally, where "neither statute nor regulation says anything about exhaustion," a court may nonetheless impose an implied, or "prudential" exhaustion requirement in harmony with the statutory scheme. *Id.* (citing *Sims*, 530 U.S. at 108-110).

Where, as here, a petitioner raises a constitutional due process challenge in connection with a bond hearing under § 1226, "there is no applicable statute or rule that mandates administrative exhaustion[.]" *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026); *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 823 (S.D. Ohio 2025) (noting that no statute or regulation requires administrative exhaustion where an ICE detainee objects to a bond denial under § 1226). So, if Gomez must exhaust her remedies before bringing the claims in her Petition, it is due to the applicability of prudential exhaustion. However, "[t]he Sixth Circuit has not decided whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (collecting cases). Although the Sixth Circuit has yet to prescribe a standard for determining whether prudential exhaustion applies to a given case, courts within this Circuit have generally followed the test established by the

Ninth Circuit.[3] *See, e.g.*, *Bartolon*, 813 F. Supp. 3d at 824; *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. Aug. 29, 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026); *Orellana v. Noem*, 807 F. Supp. 3d 745, 749 (W.D. Ky. 2025). Under the Ninth Circuit's test, a court may require prudential exhaustion when:

> (1) Agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) Relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) Administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Soto-Medina*, 817 F. Supp. 3d at 619-20 (quoting *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (citations omitted)).

This test counsels against the imposition of a prudential exhaustion requirement in the present case. None of the three factors suggest that requiring Gomez to proceed through the BIA's administrative review framework would protect the BIA's authority or promote judicial efficiency. *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) ("Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."). Regarding the first factor, Gomez asserts a quintessentially constitutional claim. (Doc. # 1 ¶ 58). She argues that the government violated her right to due process by requiring her to bear the burden of proof at her bond hearing and requiring her to proceed before an adjudicator who was not "fair and impartial[.]" (*Id.*). Resolving this claim poses a question of constitutional

[3] The Sixth Circuit has previously cited the Ninth Circuit's test in the context of challenges to bond determinations made by IJs. *Bartolon*, 813 F. Supp. 3d at 824 (citing *Rabi v. Sessions*, No. 18-3249, U.S. App. LEXIS 19661, at *1 (6th Cir. July 16, 2018) (citation omitted)). However, this reference came in a brief, unpublished order.

interpretation that does not require a developed record from the BIA. *See Soto-Medina*, 817 F. Supp. 3d at 620. Second, due process challenges emanating from immigration proceedings "generally do[] not require exhaustion" because "the BIA lacks authority to review constitutional challenges[.]" *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Because the BIA lacks authority to review constitutional challenges, declining to require exhaustion in this case would not encourage individuals with constitutional claims to bypass the BIA's administrative process. *See Lopez-Campos*, 797 F. Supp. 3d at 778 (declining to require prudential exhaustion); *Singh v. Lewis*, No. 4:26-cv-574-CHB, 2026 WL 3017038, at *2 (W.D. Ky. Oct. 7, 2026) ("As to the second factor, because Petitioner alleges a constitutional violation of due process in his habeas petition, this court need not wait for ICE's appeal to an administrative review board—here to the BIA—in order to reach the merits.") (citation omitted). The third and final factor falls in Gomez's favor for similar reasons. Because the BIA lacks the authority to address constitutional challenges, administrative review will not resolve Gomez's claims and avoid the need for judicial review. *Singh v. Raycraft*, No. 1:26-cv-136, 2026 WL 962003, at *3 (S.D. Ohio Apr. 9, 2026) (finding that prudential exhaustion was inappropriate because "the BIA cannot review []constitutional challenges") (citing *Sterkaj*, 439 F.3d at 279).

Under the test consistently applied by courts in the Sixth Circuit, prudential exhaustion is inappropriate in this case.

**C. Waiver**

Olson also argues that Gomez's claims regarding the burden of proof should "denied as waived/forfeited or as invited error." (Doc. # 6 at 7). As Respondent Olson

notes, during the July 22, 2026 bond hearing, IJ Johnson directly addressed this issue. Indeed, Olson provides the following excerpt from the hearing:

> IJ: And I didn't see as I do see sometimes in these, uh, orders that come from the district court. I didn't see a specific order that, uh, um, shifted the burden to the department. Do you all agree that the burden is on [Gomez] in terms of the bond?
>
> ***
>
> Gomez's Counsel: Well, at this point, your Honor, I suppose if there was not directed then, um, I'm sure that the government would argue that and, uh, uh, we're prepared to argue that.

(*Id.* at 6-7). Thus, Olson argues that Gomez's counsel failed to make any objection or argument regarding who should bear the burden of proof at the bond hearing. (*Id.* at 7).

Waiver occurs upon "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Invited error, on the other hand, "occurs when a litigant 'contributes in some way to the district court's error without intentionally relinquishing his rights.'" *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023) (quoting *United States v. Woods*, 61 F.4th 471, 481 (6th Cir. 2023)). This doctrine "prevent[s] a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside." *Fields v. Bagley*, 275 F.3d 478, 485-86 (6th Cir. 2001) (citing *Harvis v. Roadway Express, Inc.*, 923 F.2d 59, 61 (6th Cir. 1991)).

The Court has little difficulty concluding that Gomez did not waive her arguments regarding the appropriate burden of proof during the July 22, 2026 bond hearing. Waiver requires an "intentional relinquishment or abandonment" of a right or argument. *Olano*, 507 U.S. at 733. Gomez's counsel, at most, reluctantly acquiesced to IJ Johnson's assertion that Gomez should bear the burden of proof. Rather than affirm that position, Gomez's counsel merely stated that she was "prepared to argue" under that standard.

(*See* Doc. # 6 at 7). But waiver requires more than "merely agreeing to or even suggesting a specific standard." *United States v. Cabbage*, 91 F.4th 1228, 1231 (6th Cir. 2024). As a result, Gomez did not waive her arguments regarding the burden of proof.

Looking to invited error, Respondent Olson's argument fares no better. To begin, it is unclear how the doctrine of invited error applies in this context. The Sixth Circuit has deemed invited error a "cardinal rule of appellate review" that prevents a party from "complain[ing] on appeal of errors that he himself invited or provoked the court or the opposite party to commit." *Harvis*, 923 F.2d at 60 (citation and internal quotation omitted). However, Gomez's claim does not come before this Court on appellate review. And Olson does not cite a case in which a court applied the doctrine of invited error in a procedural posture such as this. Moreover, even if the doctrine of invited error applied, it would not categorically preclude the Court's review. *See United States v. Howard*, 947 F.3d 936, 945 (6th Cir. 2020) ("Nonetheless, we have recognized that "'invited error' does not necessarily 'foreclose relief when the interests of justice demand otherwise.'") (quoting *United States v. Latham*, 358 F. App'x 661, 664–65 (6th Cir. 2009) (per curiam)). In the context of a criminal appeal, the Sixth Circuit has noted that application of the doctrine is inappropriate where the government "is as much at fault for inviting the error as the defendant." *United States v. Savoires*, 430 F.3d 376, 381 (6th Cir. 2005) (quoting *United States v. Barrow*, 118 F.3d 482, 491 (6th Cir. 1997)). Applying this principle to the present case, the Court declines Respondent Olson's invitation to deny Gomez's Petition on the basis of invited error.

### D. Due Process

The Court now moves to the merits of Gomez's Petition. Gomez argues that the bond hearing she received on July 22, 2026 was constitutionally deficient in two respects: (1) the presiding IJ was not a neutral and impartial adjudicator, and (2) Gomez, rather than the government, bore the burden of proof. (Doc. # 1 ¶¶ 48-58).

#### ***1. Gomez fails to show that IJ Johnson was not a neutral arbiter.***

Start with Gomez's first claim. She argues that IJ Johnson was not a "fair and impartial adjudicator given his previously [sic] role in the case." (*Id.* ¶ 55). Elsewhere in her Petition, Gomez notes that IJ Johnson has the highest bond denial rate out of all 274 IJs nationally. (*Id.* ¶ 28). Taking these facts together, Gomez claims that she was deprived of a neutral arbiter at her bond hearing—an essential element of due process.

Based on the record, Gomez has failed to establish that IJ Johnson was not a neutral decisionmaker. Gomez makes the bald conclusion that because IJ Johnson denied her request for bond in January 2026, he was somehow incapable of neutrality at the hearing in July. But such conclusory allegations do not entitle Gomez to habeas relief. And, even accepting that IJ Johnson denies bond at a higher rate than other IJs, the Court is unable to conclude that these denials resulted from a bias against petitioners, rather than the facts at play in each case. Accordingly, the Court rejects Gomez's argument that IJ Johnson was not a neutral arbiter.

#### ***2. The government should have borne the burden of proof.***

Next, Gomez claims that her right to due process was violated when the IJ required her, rather than the government, to prove that she was not a flight risk or danger to the community at her July 22, 2026 bond hearing. (Doc. # 1 ¶ 56). Respondent Olson, on

the other hand, argues that this was a permissible allocation of the burden of proof. (Doc. # 6 at 8).

It is undisputed that "[s]ection 1226(a) is silent as to what burden of proof applies in bond hearings and who bears that burden." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021) (citing 8 U.S.C. § 1226(a)). Following the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), a noncitizen seeking release bore the burden of "demonstrat[ing] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). It is important to note, however, that this regulation applied *only* to the custody determination by the arresting officer. Nevertheless, the BIA soon adopted that standard and applied it to 1226(a), requiring a noncitizen detained pursuant to § 1226(a) to demonstrate "to the satisfaction of the immigration judge that he or she merits release on bond." *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *see also Matter of Fatahi*, 26 I. & N. 791, 795 n.3 (B.I.A. 2016) (stating that the BIA has "consistently held that aliens have the burden to establish eligibility for bond while proceedings are pending.").

In *Jennings v. Rodriguez*, the Supreme Court observed that nothing in the text of § 1226(a) supports a requirement that the government bear the burden of proof at a bond determination hearing. 583 U.S. 281, 306 (2018). However, the *Jennings* court left open the question of whether the Fifth Amendment's Due Process Clause so requires. *Hernandez-Lara* 10 F.4th at 27 (noting that the *Jennings* Court left open the question of "[w]hether the Due Process clause of the Fifth Amendment entitles a noncitizen detained pursuant to § 1226(a) to a bond hearing at which the government bears the burden of

proving by clear and convincing evidence that the noncitizen is dangerous or a flight risk"); *see also Darko v. Sessions*, 342 F. Supp. 3d 429, 434-35 (S.D.N.Y. 2018). Because Gomez argues that the Due Process Clause requires the government to bear the burden of proving that she is a flight risk or danger to the community at such a bond hearing, *Jennings* does not end the Court's inquiry.

In support, Olson cites three opinions from the Third, Fourth, and Ninth Circuits. (Doc. # 6 at 8-10 (citing *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022))). These courts held that placing the burden of proof on a detainee at a § 1226(a) bond hearing did not run afoul of the Fifth Amendment's Due Process Clause. *See Miranda*, 34 F.4th at 365 ("The alien's burden of proof is only to show, by a preponderance of the evidence, that he or she is not a danger to the community or a flight risk. Those procedures, for individuals already in the country unlawfully, do not violate the Constitution's Due Process Clause."); *Borbot*, 906 F.3d at 279; *Rodriguez Diaz*, 53 F.4th at 1205. But the First Circuit has reached the opposite conclusion. *Hernandez-Lara*, 10 F.4th at 39 ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *see also Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d. Cir. 2020) (holding that, where a detainee was subjected to prolonged detention, the government must bear the burden of proof at a subsequent § 1226(a) bond hearing).

The Sixth Circuit has yet to weigh in on the issue. However, as Respondent Olson acknowledges, this Court has previously agreed with the First Circuit's analysis. *See,*

*e.g., Singh v. Warden*, No. 2:26-cv-311-DLB, 2026 WL 2547206, at *4 (E.D. Ky. Aug. 28, 2026) (holding that the Fifth Amendment required the government to bear the burden of proof); *J.Z.S. v. Fields*, No. 26-cv-80-DLB, 2026 WL 1031320, at *12 (E.D. Ky. Apr. 16, 2026) ("Accordingly, the Court concludes that Petitioner's Fifth Amendment Due Process right was violated when the IJ placed the burden on him in his custody redetermination hearing."). And other district courts in the Sixth Circuit have concurred. *See, e.g., Yokobatake v. Blanche*, No. 3:26-cv-1475, 2026 WL 2349432, at *7 (N.D. Ohio Aug. 13, 2026) ("[T]he court joins the growing number of Sixth Circuit district courts in finding that at a § 1226(a) bond hearing, the Government bears the burden of proof to show by clear and convincing evidence that the noncitizen is a flight risk or danger to the community.") (citations omitted); *Jaimes v. King*, No. 2:26-cv-11327, 2026 WL 2030810, at *10 (E.D. Mich. July 14, 2026) ("Therefore, due process requires the Government to bear the burden of proving a noncitizen's danger or risk of flight by clear and convincing evidence at the immigration detention bond hearing."); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 934 (S.D. Ohio 2026) ("Respondents must provide a custody redetermination hearing at which the government bears the burden of justifying [the petitioner's] continued detention"); *Singh v. Raycraft*, No. 1:26-cv-136, 2026 WL 962003, at *8 (S.D. Ohio Apr. 9, 2026) ("Respondents shall bear the burden of persuasion of justifying Petitioner's continued detention and adduce clear and convincing evidence that Petitioner is a danger to the community.") (citations omitted); *Soto-Medina,* 817 F. Supp. 3d at 627 ("In sum, the *Mathews* factors establish that due process requires the government to bear the burden of demonstrating that [a petitioner detained under § 1226(a)] is a flight risk or danger to the community to deny bond.").

So, in the absence of authoritative guidance from the Sixth Circuit, and consistent with its prior reasoning, this Court concludes that Gomez's Fifth Amendment rights were violated when the IJ required her to prove that she was neither a flight risk nor a danger to the community at her July 22, 2026 bond hearing. *See J.Z.S.*, 2026 WL 1031320, at *9-12. Additionally, consistent with its prior orders—as well as other courts who have held that the government must bear the burden of proof—this Court concludes that a clear and convincing standard "provides the appropriate level of procedural protection." *Velasco Lopez*, 978 F.3d at 856; *see also id.* at *12.

## III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is **GRANTED**;

(2) Respondents are **ORDERED** to **immediately release** Petitioner or, in the alternative, provide her with a **constitutionally adequate bond hearing in which the government bears the burden of proof by clear and convincing evidence** under 8 U.S.C. § 1226(a) **within seven (7) days of the date of this Order**; and

(3) Respondent Olson shall file a Status Report with this Court **on or before November 11, 2026** to certify compliance with this Order. The Status Report shall include when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

This 28th day of October, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**